FRED WILSON v. SUDIE WILSON BURROUGHS ET AL.

(Filed 9 March, 1927.)

**Appeal and Error—Partition—Conflicting Findings—Reversal Without Prejudice.**

Where a tenant in common of lands pending proceedings for division has conveyed his interest to a stranger, by deed duly recorded, and the question is whether the purchaser took without actual or constructive notice of an owelty charge against it, and the findings of the trial judge are conflicting as to whether the purchaser took with implied notice in the pending proceedings for partition, the judgment of the court as a matter of law that the purchaser took with notice of the owelty charge will be reversed, without prejudice to the parties, to apply for more definite or specific findings of facts.

APPEAL by Henry C. Smith from *Cranmer, J.,* at January Term, 1927, of PITT.  Reversed.

*S. J. Everett for the petitioner.*
*Albion Dunn for appellant.*

ADAMS, J. The heirs at law of I. K. Worthington instituted a proceeding for the partition of land before the clerk of the Superior Court of Pitt County. The entries on the record are as follows: "Petition for partition filed 29 November, 1921. Summons issued 29 November, 1921, returnable 12 December, 1921. Summons served 29 November, 1921. Order appointing B. A. Gardner, Sam Johnson and Asa Jones commissioners to divide the land made 13 December, 1921. Order to supply report made 21 October, 1926."

The special proceeding docket does not show that partition has been made or that the report of the commissioners has been confirmed; indeed, so far as the record discloses no order of confirmation has been signed or made. The report purports to charge owelty in the sum of $150 against lot No. 2 in favor of lot No. 4; but no judgment has been indexed as required by C. S., 3232.

On 18 January, 1922, Fred Wilson executed and delivered to H. C. Smith a deed conveying his "interest in the division of the I. K. Worthington lands." The deed was registered the next day, and at this time there was nothing on record to indicate a division of the Worthington property in the special proceeding then pending or the charge of owelty against the land he bought. He paid value for the land and had no notice of the alleged owelty.

The foregoing facts were found by the clerk, and upon appeal the judge affirming and approving the clerk's findings and judgment found as additional facts that the special proceeding was pending when the deed was made and that Fred Wilson "conveyed to Henry C. Smith his share and allotment of land in this special proceeding, and the same being referred to and set forth in the said deed dated 18 January, 1922, as the interest in I. K. Worthington land division, and the said share of land so assigned and allotted Fred Wilson, and lot No. 2 having an owelty lien upon it for $150 in favor of lot No. 4, as set forth on the land division docket assigned and allotted Sophronia Wilson, and the said Henry C. Smith having taken a deed thereto pending the said proceedings, he thereby waived notice of all other proceedings and orders therein, having become the owner of the share of land assigned the said Fred Wilson and being bound by the record and proceedings therein, and the order and findings of the clerk are hereby in all respects confirmed and approved."

If his Honor intended to say that lot No. 2 was specifically described in the deed, the finding is in direct conflict with the clerk's finding which he approved. His further finding that Smith became "the owner of the share of land assigned the said Fred Wilson, being bound by the record

and proceedings," for the reason that he took a deed pending the proceedings, conflicts with the further finding that when Smith took his deed there was nothing of record to indicate that the I. K. Worthington lands were being divided in the special proceeding. Whether partition of the land was made before or after Smith received his deed, or whether the report was filed before or after does not appear. If partition was made after his deed was registered why was not he made a party and given an opportunity to be heard? He was never· served with summons, and some of the findings show he had neither actual nor constructive notice of the proceeding. As the record now appears we think there was error. The judgment is reversed without prejudice to either party to apply for a more definite and specific finding of the facts.

Reversed.